TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00330-CR






The State of Texas, Appellant


v.


Milton Dwayne Gobert, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. D1DC06-904006, HONORABLE BOB PERKINS, JUDGE PRESIDING




D I S S E N T I N G O P I N I O N




 Because I believe that Gobert did not invoke his right to counsel, I respectfully dissent
from the majority's decision to affirm the suppression order. To invoke the right to counsel, a
"suspect must unambiguously request counsel." Davis v. United States, 512 U.S. 452, 459 (1994)
(emphasis added); see Dinkins v. State, 894 S.W.2d 330, 351 (Tex. Crim. App. 1995) (invocation
must be clear and unambiguous); see also Smith v. Illinois, 469 U.S. 91, 97-98 (statement is either
invocation of right to counsel or it is not). At a minimum, the suspect must make a statement that
could reasonably be interpreted as "an expression of a desire for the assistance of an attorney." 
McNeil v. Wisconsin, 501 U.S. 171, 178 (1991) (emphasis added). The invocation must be clear
enough that a reasonable officer "in the circumstances would understand the statement to be a
request for an attorney." Davis, 512 U.S. at 459 (emphasis added). In other words, a suspect does
not invoke his right to an attorney if he merely mentions the word "attorney" or makes an equivocal
statement that, in light of the circumstances, would have lead a reasonable officer to believe "only
that the suspect might be invoking the right to counsel." Id. (emphasis in original); see Dinkins, 894
S.W.2d at 351; Robinson v. State, 851 S.W.2d 216, 223 (Tex. Crim. App. 1991). There are no magic
words needed to invoke the right, but the words must communicate that the suspect desires to speak
to someone who is an attorney. Dinkins, 894 S.W.2d at 352. If a suspect makes an equivocal or
ambiguous statement while being questioned, there is no requirement that the officers attempt to
clarify the statement, and the officers may continue their questioning. Davis, 512 U.S. at 459, 461;
see also Moran v. Burbine, 475 U.S. 412, 434 n.4 (1986) (unless suspect communicates that he
wants attorney, interrogation can continue). 

 Gobert's statement that "I don't want to give up any right, though, if I don't got no
lawyer" is not an invocation of his right to an attorney. It is unclear what Gobert was trying to
convey when he made the statement, but it is clear that the statement is not an unequivocal request. 
As proof that Gobert "was unwilling to waive any of his rights . . . without first consulting an
attorney," the majority points to the following comment made by one of the interviewing officers:
"I want to clear something up, though, because earlier you said you don't want to give up your right
to a lawyer." I strongly dispute the clarity of Gobert's statement. While it may indeed be a statement
that he does not have the present intent to "give up any right," it is not a request for counsel as it
must be to halt further interrogation by the officers. Although the word "lawyer" appears in the
statement, it is not used in any manner that could reasonably be interpreted as expressing a desire
for the assistance of counsel or to speak to an attorney. At the very most, the statement is an
equivocal and ambiguous statement that Gobert might want to invoke his right to counsel. See
Robinson, 851 S.W.2d at 223-24 (question "Do I need to talk to a lawyer before I sign?" was
equivocal at best); Harper v. State, No. 03-00-00677-CR, 2001 Tex. App. LEXIS 7497, at *4, 19
(Tex. App.--Austin Nov. 8, 2001, pet. ref'd) (not designated for publication) (concluding that
statement "I don't even want to talk unless I have me a lawyer and go through this shit. I don't have
to go through this shit, right?" was ambiguous and equivocal and did not invoke right to counsel). 
Although it might be beneficial for police officers to clarify whether a suspect is invoking his right
to counsel when this type of statement is made, there is no requirement that they do so and no
requirement that they cease questioning the suspect. Moreover, after being read his Miranda rights
and immediately after making the statement in question, Gobert told the police three times that he
was willing to talk to the police, indicating that he was willing to proceed without having the
assistance of counsel. Dinkins, 894 S.W.2d at 351 (courts may consider totality of circumstances
surrounding interrogation when determining whether individual invoked his right to counsel). The
officers, by immediately seeking to clarify the meaning of Gobert's statement, did all that we
should expect them to do.

 While the majority might believe that the defendant should receive the benefit of the
doubt, the Supreme Court addressed this concern in Davis v. United States and expressly declined
"petitioner's invitation to extend Edwards and require law enforcement officers to cease questioning
immediately upon the making of an ambiguous or equivocal reference to an attorney." 512 U.S. at
459. The "need for effective law enforcement" was factored in to the court's decision making. The
requirement that an invocation be clear and unambiguous has the benefit of providing "a bright line
that can be applied by officers in the real world of investigation and interrogation without unduly
hampering the gathering of information." Id. at 461. The majority's holding blurs the boundaries
of this rule. Essentially, their conclusion requires police officers to cease questioning when a
statement is made that might possibly be a request for counsel. With this decision, we have
burdened police officers with the difficult task of determining whether a suspect really wants an
attorney, despite not having specifically asked for one, at the risk of having any information obtained
through questioning suppressed. See id. at 461. 

 In light of the preceding, I believe that the district court erred when it granted
Gobert's motion to suppress and, therefore, respectfully dissent from the opinion of the majority. 


 

 ____________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed: April 19, 2007

Publish